UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNIS J. NELSON,

                              Plaintiff,

                                                                          DECISION AND ORDER

                                                                              11-CV-6045L

                              v.

NURSE NELLIE, et al.,

                              Defendants.
_____

        Plaintiff, Dennis Nelson, appearing *pro se*, commenced these actions pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants violated his constitutional rights in various ways during plaintiff's confinement at Elmira Correctional Facility. On July 5, 2011, the Court issued an order (Dkt. #4) directing that these actions be consolidated, that further papers in cases 11-CV-6124, 11-CV-6174 and 11-CV-6307 be filed as supplements to case 11-CV-6045, and that the former cases be closed.

        One of the defendants, who was originally named in case 11-CV-6124, and identified in the complaint only as "Ms. Sandra," has moved to dismiss plaintiff's claims against her. In his response, plaintiff opposes that motion, but he also states that he "would like to remove" several defendants from these actions, including "Nurse Nellie," Candie Parker, "Nurse Billy," and "N. Dickson." Plaintiff states that these individuals "aint [sic] defendant(s) they are wittnesses [sic] only." Dkt. #9 at 2. Plaintiff's claims against those defendants are therefore dismissed.

As to defendant Sandra, I find that plaintiff has failed to state a cognizable claim against her, and that the claims against Sandra must be dismissed. There are no facts alleged in the complaint with respect to Sandra, and plaintiff's response to her motion simply alleges that she "refuse[d] to treat [plaintiff's] leg," which apparently was ulcerated. Such vague allegations do not suffice to make out a claim under the Eighth Amendment. *See Hill v. Curcione*, 657 F.3d 116, 122-23 (2d Cir. 2011) (citing cases). Although the complaint is subject to dismissal on its face, I also note that the medical records submitted by plaintiff in response to the motion to dismiss show that he did receive medical treatment, albeit apparently not to his liking. Again, that does not give rise to an Eighth Amendment claim. *Id.*[1]

## CONCLUSION

The motion to dismiss (Dkt. #6) filed by Ms. Sandra is granted, and plaintiff's claims against Sandra are dismissed.

Plaintiff's claims against "Nurse Nellie," Candie Parker, "Nurse Billy," and "N. Dickson" are also dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 14, 2011.

---

[1] My ruling in this regard renders it unnecessary for the Court to address Sandra's argument that she is not a state actor for purposes of § 1983.