UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNIS J. NELSON,

                         Plaintiff,

                                                                 <u>DECISION AND ORDER</u>

                                                                                 11-CV-6045L

          v.

DR. J. ALVES,

                         Defendant.
_____

      Plaintiff, Dennis Nelson, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") alleges that defendants violated his constitutional rights in various ways during plaintiff's confinement at Elmira Correctional Facility.

      On November 14, 2011, the Court issued an order (Dkt. #16) dismissing plaintiff's claims against a number of defendants. The remaining defendant, Dr. J. Alves, now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

      Defendant's motion is granted. Plaintiff's allegations against Alves generally consist of conclusory assertions that Dr. Alves is not treating plaintiff's various medical problems. His response to defendant's motion mostly asserts that Alves (and Dr. Peter Braselmann, a physician employed by DOCCS who has examined plaintiff and reviewed his medical records, and who has submitted a declaration in support of Dr. Alves's motion) are lying, and that if the Court "want[s] the truth," the Court should contact various individuals and medical facilities. *See* Dkt. #18.

      When opposing a motion for summary judgment, however, a plaintiff cannot simply baldly assert that the movant is lying. Defendant has submitted admissible evidence that plaintiff

has received adequate medical treatment, and to defeat defendant's motion, plaintiff "must come forward with evidence showing that defendant[] 'acted with deliberate indifference to his serious medical needs.'" *Johnson v. Wright*, 324 Fed.Appx. 144, 144 (2d Cir. 2009) (quoting *Pabon v. Wright*, 459 F.3d 241, 247 (2d Cir. 2006)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

In any event, even assuming the truth of plaintiff's conclusory assertions, all they show is that he is dissatisfied with the level or type of treatment that he has received. There is no evidence in the record indicating that Dr. Alves "had a culpable state of mind and intended wantonly to inflict pain" on plaintiff. *Beaman v. Unger*, No. 10-CV-6480, 2011 WL 4829417, at *2 (W.D.N.Y. Oct. 12, 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)). Even if he were guilty of malpractice (and I do not believe that the evidence would support such a finding), that does not make out a constitutional claim. *Beaman*, 2011 WL 4829417, at *3.

## CONCLUSION

The motion for summary judgment by defendant Dr. J. Alves (Dkt. #10) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　 January 19, 2012.